AO 472  (Rev. 05/05)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### Eastern District of Michigan

UNITED STATES OF AMERICA

**V.**

MARC CADDELL
_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number:  13-30258

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in
    _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

See attached.

FILED

DEC 2 4 2013

CLERK'S OFFICE
DETROIT

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

December 24, 2013
_____
Date

_____
*Signature of Judge*

David R. Grand, United States Magistrate Judge
_____
*Name and Title of Judge*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**13-30258;** *United States of America v. Marc Caddell*

The defendant, Marc Caddell, a convicted felon, has been charged in a criminal complaint with being a Felon in Possession of Ammunition, in violation of 18 U.S.C. §922(g). The criminal complaint is supported by the affidavit of Cheryl Crockett, an ATF Special Agent. Caddell appeared before the Court on December 24, 2013, for a detention hearing in this matter.

The following facts come from Agent Crockett's affidavit, the Government's proffer, and the Pretrial Services Report ("PSR"), which recommended detaining Caddell as both a flight risk and danger to the community.

Crockett's affidavit states that in late March and early April, pursuant to a search warrant issued by the Monroe Office of Narcotics Investigation, agents conducted various trash pulls at 1345 Andrea in Ypsilanti. Marijuana remnants were found, along with baggies with the corners cut off which, according to Agent Crockett, "is indicative of illicit controlled substance packaging." On April 12, 2013, agents executed a search warrant at the Andrea address. In the bedroom occupied by Caddell, agents found a small bag of marijuana, a small bag of cocaine, and a letter addressed to Caddell. Under the bed they found a large quantity of plastic sandwich bags and a scale. In the closet they found three packages of crack cocaine and a scale. They also found a shirt in the closet which had three bullets in its pocket along with $200 cash. The government proffered that a number of children had been living in the residence at the time. Caddell was apparently arrested and released in a state court criminal case. However, because Caddell is a prior felon, on May 28, 2013, the instant criminal complaint was issued out of the Eastern District of Michigan.

According to the government's proffer, the government was unable to locate Caddell for some time, only finding him recently at 1183 Asbury Park, in Detroit. It is unclear how long Caddell had been living at the Asbury Park address as he indicated to Pretrial that "he has been residing at [the Asbury Park] address for approximately one month but was not sure if this is the exact address." Prior to his stay at Asbury Park, Caddell said he had been residing at a home on Castleton in Detroit for 4-5 months. However, Pretrial could not confirm that address.

Caddell stated that he uses marijuana, crack cocaine and alcohol on a daily basis, and that he had previously used heroin daily. Caddell has an extensive criminal history dating back to 1997 when he was charged with misdemeanor domestic violence. In 1999 he was convicted of Misdemeanor Controlled Substance Possession, and given a 6 month delayed sentence . In 2000 he was convicted of Misdemeanor Domestic Violence 2nd Offense, and was given 1 year jail, suspended. However, he violated his probation and was sentenced to 93 days in jail. His probation was "discharged without improvement." In 2005, he was convicted of Felony Controlled Substance Delivery/Manufacture, and sentenced to 2 years' probation. A few months later, however, he was arrested on new similar charges (and a weapons charge), had his probation revoked and was re-sentenced to 17 months to 20 years confinement with the MDOC. Apparently while on probation, Caddell was also charged with Misdemeanor CSC 4th Degree (Force/Coercion), and was sentenced to one year in jail. On the 2006 charges that resulted in his

2

13-30258; *United States of America v. Marc Caddell*

probation revocation, he was sentenced to 18 months to 20 years confinement. He was released in September 2008. In November 2010, Caddell was charged with Felony Controlled Substance Delivery/Manufacture, and was sentenced to 12 months in jail. In addition to the recent charges, Caddell has other active warrants for failing to appear at various court hearings (non-support arrears and animal abandoning).

The government argued that the foregoing showed Caddell was a danger to the community and a flight risk, and sought his detention. In response, Caddell argued that the actual charges he is facing in this case involve only possession of three bullets. He also argued that as a result of his drug problem, he was a candidate for an in-patient treatment facility, rather than jail. Caddell's girlfriend was present in the courtroom, showing he has local support.

### Applicable Standards and Analysis

In general, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)). "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *U.S. v. Hinton*, 113 Fed. Appx. 76, 77 (6th Cir. 2004) (citing *U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir.2003)); *U.S. v. Ellison*, 2007 WL 106572, at *2 (E.D. Mich., Jan. 8, 2007).

After having carefully considered the evidence and arguments, the Court finds that the government has satisfied its burden with respect to both Caddell's dangerousness and risk of flight.

The Court first considers the nature and circumstances of the charges against Caddell, including whether they involve certain enumerated offenses, including firearms and narcotics. 18 U.S.C. §3142(g)(1). Here, although the charge itself involves the possession of "only three bullets," which might at any rate be sufficient itself to tip this factor in favor of detention, other circumstances surrounding the charge clearly way in favor of detention. The Court notes that numerous children lived in (or were in the house), and authorities found not only the three bullets in Caddell's room, but also drugs and drug distribution equipment. The point of this section (g)(1) is that the Court must look at the "three bullets" not in isolation, but as part of the total circumstances. Accordingly, overall, this factor favors detention.

The second factor the court must consider is the weight of the evidence. 18 U.S.C. §3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). This factor also favors detention. The weight of the evidence of Caddell's dangerousness is

13-30258; *United States of America v. Marc Caddell*

strong. He has a lengthy criminal history involving drugs of all types, and at least one conviction (and apparently two) for domestic violence. The fact that Caddell had the drugs and bullets in a home with many children is further evidence of his dangerousness.

The third factor the Court must consider is "the history and characteristics of the person" accused. 18 U.S.C. §3142(g)(3). This factor strongly favors detention. Caddell was given many opportunities when he was younger to avoid jail and prison sentences, but did not do well on probation. Nor did his stints in prison seem to deter his criminal behavior as he had convictions after being released from custody. Finally, he has attempted at least a few times, without success, to address his serious drug problem through treatment. While he apparently does have family support and ties to this area, it is outweighed by his criminal history, problems while under supervision, and ongoing serious drug problem.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Caddell's] release." 18 U.S.C. §3142(g)(4). Again, given his past criminal history, his possession of narcotics (and narcotics distribution equipment) and bullets in a home with children, and his drug problem, he is a serious danger to the community. Thus, this factor, too, favors detention.

In sum, taking all of the evidence and arguments into account, the Court finds, by clear and convincing evidence, that no condition or combination of conditions of Caddell's release can reasonably assure the community's safety.

The Court also finds that the government has shown by a preponderance of the evidence that no condition or combination of conditions can reasonably assure Caddell's appearance in Court. Caddell provided less than clear information about his residence since his April arrest. Since that time, he has had a few warrants outstanding, and it took federal authorities more than six months to locate Caddell after he left the Ypsilanti address following his underling arrest in this matter. Finally, the Court considered placing Caddell in a drug treatment in-patient facility, but concluded that would not be appropriate because such facilities cannot restrain a patient who desires to leave, and the government has shown Caddell poses a serious risk that he would do so.

**Accordingly, Detention is Ordered.**